**[J-82A-2024 and J-82B-2024] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| FAITH GENSER AND FRANK MATIS | : | No. 26 WAP 2024 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court entered |
| | : | September 5, 2024, at No. 1074 CD |
| | : | 2024, Reversing the Order of the |
| | : | Court of Common Pleas of Butler |
| BUTLER COUNTY BOARD OF | : | County entered August16, 2024, at |
| ELECTIONS, REPUBLICAN NATIONAL | : | No. MSD-2024-40116. |
| COMMITTEE, REPUBLICAN PARTY OF | : | |
| PENNSYLVANIA, AND THE | : | |
| PENNSYLVANIA DEMOCRATIC PARTY | : | SUBMITTED:  September 26, 2024 |
| | : | |
| | : | |
| | : | |
| APPEAL OF: REPUBLICAN NATIONAL | : | |
| COMMITTEE AND REPUBLICAN PARTY | : | |
| OF PENNSYLVANIA | : | |

| | | |
|---|---|---|
| FAITH GENSER AND FRANK MATIS | : | No. 27 WAP 2024 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court entered |
| | : | September 5, 2024, at No. 1085 CD |
| | : | 2024, Reversing the Order of the |
| | : | Court of Common Pleas of Butler |
| BUTLER COUNTY BOARD OF | : | County entered August 16, 2024, at |
| ELECTIONS, REPUBLICAN NATIONAL | : | No. MSD-2024-40116. |
| COMMITTEE, REPUBLICAN PARTY OF | : | |
| PENNSYLVANIA, AND THE | : | |
| PENNSYLVANIA DEMOCRATIC PARTY | : | SUBMITTED:  September 26, 2024 |
| | : | |
| | : | |
| APPEAL OF: REPUBLICAN NATIONAL | : | |
| COMMITTEE AND REPUBLICAN PARTY | : | |
| OF PENNSYLVANIA | : | |

<u>**DISSENTING OPINION**</u>

**JUSTICE MUNDY**                                        **DECIDED: OCTOBER 23, 2024**

I dissent and join in full the thorough, cogent dissenting opinion of my colleague Justice Brobson. I write separately to emphasize that this Court's role is to apply a fair reading of the unambiguous language of the Election Code. Regrettably, the Majority has exceeded the bounds of statutory interpretation and supplanted the power vested in our General Assembly to regulate elections.

No-excuse, universal mail-in voting is a voting method prescribed by the legislature. *See McLinko v. Dep't of State*, 279 A.3d 539, 580 (Pa. 2022) (recognizing Article VII, Section 4 of the Pennsylvania Constitution "broadly authorizes the legislature to prescribe alternative methods of voting and the Constitution does not otherwise prohibit the General Assembly from enacting universal mail-in voting."). The legislature did not have to permit our Commonwealth's electors to vote by mail. It chose to allow voting by mail in Act 77,[1] and the rules it prescribed must govern the process of voting by mail as long as they comport with the Constitution. *See, e.g.*, *In re: Canvass of Provisional Ballots in 2024 Primary Election*, ___ A.3d ___, 2024 WL 4181584, *5 (Pa. Sept. 13, 2024) (noting the state has "'important regulatory interests' in orderly elections, and those interests are sufficient to justify the enforcement of reasonable, nondiscriminatory rules governing candidate eligibility, voter registration, and the voting process") (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983)); *Banfield v. Cortes*, 110 A.3d 155, 176-77 (Pa. 2015) (stating that "the right to vote is fundamental," but nonetheless, "the state may enact substantial regulation containing reasonable, non-discriminatory restrictions to ensure honest and fair elections that proceed in an orderly and efficient manner"); *In re Guzzardi*, 99 A.3d 381, 386 (Pa. 2014) ("Subject to constitutional limitations, the Pennsylvania General Assembly may require such practices and procedures as it may deem necessary to the orderly, fair, and efficient administration of

---

[1] Act of October 31, 2019, P.L. 552, No. 77.

public elections in Pennsylvania."); *Winston v. Moore*, 91 A. 520, 522 (Pa. 1914) ("The power to regulate elections is a legislative one, and has been exercised by the General Assembly since the foundation of the government.").

This case involves the intersection of universal mail-in voting with provisional voting, another legislatively prescribed voting method. The issue is the interpretation of the legislative rule that a provisional ballot shall not be counted if "the elector's absentee ballot or mail-in ballot is timely received by a county board of elections." 25 P.S. § 3050(a.4)(5)(ii)(F). This directive is not difficult to understand, interpret, or apply. It is not ambiguous, particularly when viewed in the context of the entire statutory scheme enacted by the legislature to govern mail-in voting. In this regard, I join Justice Brobson's analysis of the relevant provisions of the Election Code.

The Majority's rationale hinges on its definition of the term "ballot" in Section 3050(a.4). *See* Maj. Op. at 29. In doing so, the Majority finds that electors who submit their mail-in ballots without a secrecy envelope have submitted "void mail-in ballots [that] cannot be afforded legal effect. Because Electors failed to comply with the mandatory Secrecy Envelope requirement, they failed to cast a ballot." *Id.* at 35. Applying this reasoning to Section 3050(a.4)(5)(ii)(F), the Majority opines that "[a]s a result of the determination that the Secrecy Envelope was not used, as a matter of law, no ballot was received by eight o'clock P.M. on Election Day and thus Subsection (a.4)(5)(ii)(F) was not triggered." *Id.* at 37.

The Majority's analysis is too far divorced from the legislature's clear directives regarding mail-in voting to withstand any scrutiny. The Majority plainly reads into Section 3050 the requirement that the elector's absentee or mail-in ballot must be valid and not void. However, the only qualification in Section 3050(a.4)(5)(ii)(F) is that the "mail-in ballot is timely received." The Majority's holding usurps the legislature's unmistakable

directives and supplants them with a new procedure for counting provisional ballots after a canvass has determined that the elector's mail-in ballot is disqualified.

In this vein, Appellants argue that a court mandate to count provisional ballots cast by electors who have submitted timely received mail-in ballots violates the Elections[2] and Electors[3] Clauses of United States Constitution. *See* Appellants' Brief at 45-46 (citing U.S. CONST. art. I, § 4, cl. 1; U.S. CONST. art. II, § 1, cl. 2).[4] "[T]he Elections Clause expressly vests power to carry out its provisions in 'the Legislature' of each State, a deliberate choice that this Court must respect." *Moore v. Harper*, 600 U.S. 1, 34 (2023). Given the Majority's interpretation of the Election Code, I find merit to Appellants' argument that this Court has exceeded the scope of judicial review and usurped the General Assembly's power to regulate federal elections. As the United States Supreme Court has recently held, "state courts may not transgress the ordinary bounds of judicial review such that they arrogate to themselves the power vested in state legislatures to regulate federal elections." *Id.* at 36-37. In my view, the Majority's decision to direct the counting of provisional ballots in cases where the electors' mail-in ballots have been timely received, in direct contravention of Section 3050(a.4)(5)(ii)(F), is an

---

[2] "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators." U.S. CONST. art. I, § 4, cl. 1.

[3] "Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector." U.S. CONST. art. II, § 1, cl. 2.

[4] Appellants did not raise a federal constitutional claim in their Commonwealth Court brief. However, as the respondents in the trial court and the appellees in the Commonwealth Court, they had no issue preservation obligations. *See HTR Rests., Inc. v. Erie Ins. Exch.*, 307 A.3d 49, 61 n.38 (Pa. 2023).

unconstitutional intrusion upon the role reserved to state legislatures by the Federal Constitution.[5]

For these reasons, I dissent.

---

[5] Although the first issue on which we granted review does not expressly mention the federal Elections and Electors Clause, it asks as a general matter whether the Commonwealth Court's actions usurped the authority of the General Assembly. The question of whether such alleged usurpation violates the federal Constitution is logically subsumed within that issue as stated.